UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADLEY S. HOWELL,

        Plaintiff,

   v.

CITY OF SEATTLE,

        Defendant.

No. C00-966P

ORDER DENYING STIPULATED MOTION FOR EXPUNGEMENT OF ARREST RECORD

       The parties submitted a stipulated motion requesting that the Court enter an order directing the expungement of the records of Plaintiff's arrest. The parties apparently entered a settlement agreement in April, 2001 in which the City agreed to stipulate to an order expunging these arrest records. Now, four years later, they request a court order to expunge the arrest records. For the reasons outlined below, the Court DENIES the stipulated motion.

       It does not appear that this Court has the authority to order the expungement of arrest records in a civil case such as this. The parties did not cite to any cases interpreting this statute as applied to civil cases in which the government defendant agreed in a settlement agreement to expunge arrest records. Nor could the Court find any such cases. The only cases interpreting this statute are criminal

ORDER - 1

ones. State v. Shineman held that a court may order expungement of arrest records when a plea agreement included a promise by the government to expunge the defendant's arrest records if he complied with the other terms of the agreement for one year. 94 Wa.App. 57, 971 P.2d 94 (1999). The court concluded that its authority to order the expungement did not rest solely on RCW 10.97.060. Rather, it had the authority to force the government to comply with the plea agreement terms. Enforcement of the plea agreement was necessary to preserve defendant's constitutional rights. Id. at 62-63. Shineman does not compel the same result here. This is a civil settlement agreement, not a criminal plea agreement. As such, there are not the same constitutional considerations that necessitate enforcement of the agreement.

There is contrary authority suggesting that the Court does have the power to issue such an order. However, the Court does not find it persuasive in this context. State v. Gilkinson held that a court does not have the authority to expunge arrest records under RCW 10.97.060 when the disposition of the case was "adverse" to the defendant. 57 Wa.App. 861, 790 P.2d 1247 (1990). An unpublished state appellate opinion distinguished Gilkinson from cases in which the disposition was not adverse to the defendant. State v. Rueter, 1999 Wash. LEXIS 1608 (1999). Rueter held that, in such cases, the court has authority under RCW 10.97.060 to order the expungement of defendant's arrest records. Apart from the fact that Rueter is an unpublished opinion, there is no indication that it applies in the civil context. Unless the parties can cite authority for the principle that a court has the power to issue an order of expungement in civil cases, the Court declines to conclude that it has such power. Moreover, the Court questions whether it would be good public policy to support civil settlement agreements that include expungement of arrest records.

Additionally, it is not clear why the parties need a court order directing the expungement. The City has essentially agreed to expunge the records. The Court does not understand why the City cannot direct its police department to do so.

ORDER - 2

1   Lastly, the parties did not indicate why they waited almost four years to request such an order.

2   RCW 10.97.060 provides that expungement may occur only two or three years after entry of a

3   disposition favorable to defendant. However, this does not explain why the parties waited four years.

4   The clerk is directed to provide copies of this order to all counsel of record.

5   Dated: March 8, 2004

6                                        /s/ Marsha J. Pechman
                                         Marsha J. Pechman
7                                        United States District Judge

ORDER - 3